No. 86-389

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

MONTANA AGRA-CHEMICAL, INC.,
a Montana corporation,

Plaintiff and Respondent,

-vs-

GERALD JACOBSON,

Defendant and Appellant,

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jerry R. Bechhold, Bozeman, Montana

For Respondent:

Morrow, Sedivy & Bennett; Lyman H. Bennett, III,
and Terry Schaplow, Bozeman, Montana

---

Submitted on Briefs: Nov. 13, 1986

Decided: January 13, 1987

Filed: JAN 13 1987

*Ethel M. Harrison*
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Jacobson, appearing as a pro se defendant, obtained a judgment in the Justice Court for Gallatin County on Montana Agri-Chemical's complaint against him. He then obtained an attorney who moved to file this counterclaim in Gallatin County District Court. The District Court denied his motion and dismissed the action. We affirm.

One issue resolves this appeal: Is Mr. Jacobson an aggrieved party and entitled to appeal to district court?

Montana Agri-Chemical filed a complaint against Mr. Jacobson in the Justice Court for Gallatin County, for $242.28 due on an account. Mr. Jacobson's answer alleged that the account had been paid in full by Montana Agri-Chemical's "acceptance of check #34 and taking of personal property without owners approvel [sic]."

Following a hearing, the Justice of the Peace found that Montana Agri-Chemical had charged an illegal rate of interest on the account and had illegally gone onto Mr. Jacobson's land and retrieved a Loomix trough which Mr. Jacobson had purchased. He determined that Mr. Jacobson's damages would reasonably offset Montana Agri-Chemical's claim, and entered judgment for Mr. Jacobson. He awarded Mr. Jacobson costs in the amount of $10.

Mr. Jacobson then obtained an attorney who moved to file a cross-complaint in Gallatin County District Court, alleging that the interest charged by Montana Agri-Chemical on its accounts was usurious and that Montana Agri-Chemical's agents had illegally trespassed on Mr. Jacobson's property and converted the Loomix trough. Montana Agri-Chemical filed a memorandum in opposition to Mr. Jacobson's motion. The

2

motion was heard orally and denied. Ruling from the bench, the District Court dismissed the action, stating:

> Reviewing Judge Goan's order, it appears that the Plaintiff did not plead his counterclaim, but Judge Goan said that he was implying some sort of a counterclaim even though it was vague, but Judge Goan undertook to consider the matter and used it in offsetting the debt owed by the Defendant to the Plaintiff, and so the motion to file a counterclaim is denied and the matter is dismissed on the grounds that the Defendant is not an aggrieved party.

Mr. Jacobson raises two issues which we do not consider at length. He states that § 25-31-506, MCA, conflicts with Rule 7C of the Montana Justice Courts Rules of Civil Procedure. It is not necessary for us to reconcile the apparent conflict, because of our resolution of the 'aggrieved party' issue. Mr. Jacobson also raises the argument that depriving him of the opportunity to have his day in district court denies him due process of law. He has completely failed to support this argument, however, and it appears that all procedural due process requirements were met in J.P. court.

Is Mr. Jacobson an aggrieved party and entitled to appeal to district court?

Appeal of a justice court judgment to district court is discussed at § 25-33-101, MCA:

> Exclusive method of review. A judgment or order in a civil action, except when expressly made final by this code, may be reviewed as prescribed in this chapter and not otherwise. A party aggrieved may appeal in the cases prescribed in this chapter.

In this case, the Justice Court entered judgment for Mr. Jacobson as the prevailing party. The District Court held that Mr. Jacobson was not an aggrieved party and could not appeal. Anderson v. Hinman (1960), 138 Mont. 397, 357 P.2d

3

895, provides authority for the District Court's holding.  In that case, this Court ruled:

> The appellant, Edna J. Hinman, concluded her answer filed in the District Court with prayer for "judgment that this action be dismissed upon the merits as to her" and it was so adjudged.  She was granted the precise judgment for which she prayed.  Her prayer was answered.  She is not a party aggrieved by the judgment entered.  She won her suit in the trial court.

Hinman, 357 P.2d at 905.  Similarly, since Mr. Jacobson was permitted to present his counterclaim in justice court and won the suit there he is not a party aggrieved by the judgment entered.  He may not appeal to the District Court.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4